**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CHRISTOPHER D. LYMAN et al.,

*Plaintiffs,*

v.

COREY ODELL et al.,

*Defendants.*

Case No. 25-2023-EFM-RES

**MEMORANDUM AND ORDER**

Before the Court is Defendant Terra Frazier, D.O.'s Motion for Partial Reconsideration (Doc. 88). Dr. Frazier seeks reconsideration of the Court's previous Order granting in part and denying in part her motion to dismiss the Amended Complaint and seeks dismissal of Plaintiff E.L. and M.L.'s Counts I–IV as alleged against her. Plaintiffs oppose the Motion. For the reasons explained below, the Court denies Dr. Frazier's Motion.

## I. Factual and Procedural Background

For brevity's sake, the Court incorporates its factual discussion of this case from its previous Order.[1] Relevant here, in 2013, Dr. Frazier evaluated J.S.—the infant nephew of then-married Plaintiffs Christopher D. Lyman and Tammarisk Thompson—after J.S. was life flighted to Children's Mercy Hospital in Kansas City, Kansas. Later, J.S. was pronounced dead. Dr. Frazier concluded J.S. had been abused and relayed her conclusions to Defendant Detective Corey Odell of the Junction City Police Department, ultimately leading to Mr. Lyman's prosecution and conviction. As the charges were pending, Mr. Lyman and Ms. Thompson's children—E.L. and

[1] Doc. 86 at 1–4 (citation omitted).

M.L.—were placed in foster care and were not returned to Ms. Thompson until Mr. Lyman's sentencing in 2015. Mr. Lyman was later released in 2023 after a different doctor concluded that J.S. died from a fungal infection, not abuse. Mr. Lyman and Ms. Thompson—individually and for the benefit of E.L. and M.L.—bring this 42 U.S.C. § 1983 action against several Defendants, including Dr. Frazier.

Dr. Frazier filed a motion to dismiss Plaintiffs' Amended Complaint on December 8, 2025. On August 4, 2026, the Court issued an Order that granted in part and denied in part Dr. Frazier's motion. There, the Court made the following observation:

> Finally, *Detective Odell is the only Defendant that seems to recognize that E.L. and M.L. bring all six claims in the Amended Complaint*. In its prior order, the Court previously addressed E.L. and M.L.'s claims of fabrication of evidence, conspiracy to fabricate false evidence, and malicious prosecution claims. The Court found that these claims are limited to a criminal-type case, and because E.L. and M.L. were not criminally prosecuted, they could not bring these claims. The same reasoning applies to the *Brady* violation claim in Count III. Nothing presented in the Amended Complaint or Plaintiffs' briefing changes the Court's previous analysis. Accordingly, the Court dismisses Counts I–IV as alleged against Detective Odell. However, as discussed above, E.L. and M.L. have alleged facts sufficient to plausibly state Counts V–VI.[2]

Now, Dr. Frazier seeks reconsideration of the Court's prior Order.

## II. Legal Standard

The Court has discretion whether to grant a motion to reconsider.[3] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[4] D. Kan. Rule 7.3 governs

---

[2] *Id.* at 12 (emphasis added).

[3] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[4] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

motions to reconsider non-dispositive orders, and Fed. R. Civ. P. 59(e) and 60 govern motions to reconsider dispositive orders.[5] The standard is nearly identical under both rules.

A party may seek reconsideration on the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[6] A motion to reconsider is available where the court has "misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence."[7] Such a motion, however, is "not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed."[8]

## III. Analysis

Dr. Frazier argues the Court committed clear error by interpreting her motion to dismiss as not seeking dismissal of E.L. and M.L.'s claims outside of Count V. She asserts that she clearly requested dismissal of E.L. and M.L.'s claims in Counts I–IV, too. The Court's interpretation, however, was based on the text of Dr. Frazier's own motion.

The opening paragraph to Dr. Frazier's motion to dismiss provided:

> COMES NOW Defendant Terra Frazier, D.O., by and through counsel of record, and pursuant to Fed. R. Civ. P. 12(b)(6), moves the Court for an order of dismissal with prejudice of Tammarisk Thompson's claims (Counts 1-6); Plaintiffs' Conspiracy claims arising from Brady violations (Count 5); Plaintiffs' E.L. and M.L.'s Conspiracy claims (Count 5); and Plaintiffs' Interference with Family

[5] D. Kan. R. 7.3; *Coffeyville Res. Refin. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010).

[6] D. Kan. R. 7.3; *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[7] *Bedivere Ins. Co. v. Blue Cross & Blue Shield of Kan., Inc.*, 491 F. Supp. 3d 929, 936 (D. Kan. 2020) (citations omitted).

[8] *Id.*

> Relationships claims (Count 6). Filed herewith is a Memorandum in Support of Motion to Dismiss, which is incorporated by reference.[9]

As such, Dr. Frazier only requested dismissal of E.L. and M.L.'s Count V in her motion. She only requested dismissal of Counts I–IV as brought by Ms. Thompson, not as brought on E.L. and M.L.'s behalf. Similarly, Dr. Frazier made an identical request in the opening paragraph of her accompanying supporting memorandum.[10]

Attempting to avoid the text in her opening paragraphs, Dr. Frazier points to a footnote in her supporting memorandum where she recognized that Plaintiffs appeared to be repleading Counts I–VI on behalf of E.L. and M.L. and argued that the claims should be dismissed "for the reasons further explained below."[11] But Dr. Frazier's promised explanation regarding E.L. and M.L.'s claims never arrived above-line.[12] And "[a]rguments raised in a perfunctory manner, such as in a footnote, are waived."[13]

A motion for reconsideration is not a means to redraft one's intended request for relief to be clear once it is revealed to be otherwise. Here, the error is Dr. Frazier's, not the Court's. Accordingly, Dr. Frazier's Motion is denied.

**IT IS THEREFORE ORDERED** that Dr. Frazier's Motion for Partial Reconsideration (Doc. 88) is **DENIED**.

---

[9] Doc. 71.

[10] Doc. 72.

[11] *See id.* at 2 n.1.

[12] All that arrived above-line was Dr. Frazier's singular request in conclusion that "all of Plaintiffs E.L. and M.L.'s *claim* must be dismissed." *See id.* at 11 (emphasis added). Thus, in arguing that she requested E.L. and M.L.'s "claims" be dismissed, Dr. Frazier misquotes herself.

[13] *Pharm. Care Mgmt. Ass'n v. Mulready*, 78 F.4th 1183, 1204 (10th Cir. 2023) (quoting *United States v. Hardman*, 297 F.3d 1116, 1141 (10th Cir. 2002) (en banc)).

**IT IS SO ORDERED**.

Dated this 8th day of October 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE